UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARLEN RAVELO,

    Petitioner,

v.

LE MASTER,

    Respondent.

Case No. 17-cv-06498-JD

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Marlen Ravelo, a federal prisoner at Federal Correctional Institution Dublin ("FCI-Dublin"), has brought a habeas petition pursuant to 28 U.S.C. § 2241. The Court ordered respondent to show cause why the writ should not be granted. Respondent filed an answer and a memorandum of points and authorities in support of it, and lodged exhibits with the Court. Ravelo filed a reply. The petition is denied.

## BACKGROUND

Ravelo was convicted in the Western District of Washington for conspiracy with intent to distribute controlled substances. *See United States v. Ravelo*, No. 2:15-cr-0348-RSL (W.D. WA. 2016). Ravelo was sentenced to 48 months in federal prison with a sentence enhancement because she possessed a loaded firearm during the commission of the offense. *Id.* Docket Nos. 579, 581, 585. Her projected release date is October 26, 2019. Answer, Vicker Decl. ¶ 4. In this petition, Ravelo argues that the Federal Bureau of Prisons ("BOP") denied her early release even though she completed the BOP's Residential Drug Abuse Program ("RDAP"). She contends this decision violated the Administrative Procedures Act ("APA") and the BOP exceeded its statutory authority.

## LEGAL STANDARD

The BOP is required to provide every federal prisoner who has a substance abuse problem the opportunity to participate in a treatment program while in custody. *See* 18 U.S.C. § 3621(b),(e). In order to encourage prisoners to seek treatment, Congress provided that the BOP "may" reduce, by up to one year, the sentence of "a prisoner convicted of a nonviolent offense" who successfully completes a RDAP. *See* 18 U.S.C. § 3621(e)(2)(B). Pursuant to these provisions, the BOP offers a 500-hour comprehensive substance abuse treatment program. *See Cort v. Crabtree*, 113 F.3d 1081, 1082 (9th Cir. 1997). The deprivation of a prisoner's right to be released, or considered for early release, pursuant to these provisions states a cognizable claim under 28 U.S.C. § 2241. *See id*. at 1082-87.

In 2009, the BOP exercised its discretion under § 3621(e)(2)(B) by implementing a regulation that categorically excludes certain classes of inmates from eligibility for § 3621(e)'s early release incentive. *See* 28 C.F.R. § 550.55(b). Among these categories are inmates convicted of an offense that involved the carrying, possession or use of a firearm, *id*. § 550.55(b)(5)(ii), and inmates with a prior conviction for homicide, forcible rape, robbery, aggravated assault, arson, kidnapping or child sexual abuse, *id*. § 550.55(b)(4). *Peck v. Thomas*, 697 F.3d 767, 770-92 (9th Cir. 2012). The BOP did not violate the APA in implementing the 2009 regulation excluding such inmates from § 3621(e). *Id*. at 772-73; *see also id*. at 770 (citing unanimity among other circuits in finding regulation valid under APA).

In view of 18 U.S.C. § 3625, which is entitled Inapplicability of the APA, federal courts lack jurisdiction to review BOP's individualized residential drug abuse program determinations made pursuant to 18 U.S.C. § 3621(e), such as whether to admit a particular prisoner into RDAP, or to grant or deny a sentence reduction for completion of the program. *Reeb v. Thomas*, 636 F.3d 1224, 1228 (9th Cir. 2011). But federal judicial review remains available for allegations that BOP action is contrary to established federal law, violates the United States Constitution, or exceeds its statutory authority. *Id*. *But cf. id*. at 1228 n.4 (inmate cannot prevail on due process claim because inmates do not have a protected liberty interest in either RDAP participation or early release, an associated discretionary benefit).

## DISCUSSION

Ravelo first argues that the BOP's rule precluding inmates who committed crimes involving a firearm from receiving an earlier release after completing RDAP violates the APA because the BOP did not sufficiently state its rationale for the rule. However, the Ninth Circuit in *Peck* rejected a claim that this regulation was not procedurally valid and violated the APA. The Ninth Circuit found that the BOP had sufficiently stated its rationale for the rule. *Peck* at 773. Because Ravelo's argument has already been rejected by the Ninth Circuit, this claim is denied.

Ravelo next argues that the finding that she possessed a firearm was just a sentencing enhancement, while the underlying conviction for the drug offense did not contain an element related to the firearm. She contends that the application of the BOP regulations to her crime violated the APA and exceeded statutory authority.

She is not entitled to relief on this claim. In *Reno v. Koray*, 515 U.S. 50, 61 (1995), the Supreme Court held that an agency's interpretation of its own rules is not subject to APA review.

The BOP firearm regulations are valid under the APA, and within the BOP's authority granted by statute. In *Lopez v. Davis*, 531 U.S. 230, 241, 244 (2001), the Supreme Court rejected an argument that the BOP's creation of additional rules denying RDAP credit to prisoners who had used firearms in the commission of their commitment offense violated the statutory authority of § 3621. The Supreme Court stated that, "The Bureau reasonable concluded that an inmates' prior involvement with firearms, in connection with the commission of a felony, suggest his readiness to resort to life-endangering violence and therefore appropriately determines the early release decision." *Lopez* at 244; *see also Ryan v. Thomas*, No. 3:11-cv-00448, 2012 WL 1890376, at \*4 (D. Or. May 22, 2012) (denying petitioner's challenge to the denial of RDAP early-release credit based on sentence enhancements involving use of firearms). To the extent Ravelo seeks a general review of the BOP's determination with respect to her particular circumstances, the Court lacks jurisdiction for such review. See *Reeb*, 636 F.3d at 1228.

# CONCLUSION

The petition for a writ of habeas corpus is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 2, 2018

JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLEN RAVELO,<br><br>    Plaintiff,<br><br>    v.<br><br>LE MASTER,<br><br>    Defendant. | Case No. 17-cv-06498-JD<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 2, 2018, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Marlen Ravelo ID: 29871-086
Federal Correctional Institution
5701 8th Street Camp Parks
Dublin, CA 94568

Dated: October 2, 2018

                                              Susan Y. Soong
                                              Clerk, United States District Court

By:_____
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO